O’Neall, J.
delivered the opinion of the Court.
The jury, in finding a less sum than the difference between the sale and re-sale, have most unquestionably established the fact that the plaintiff made a fraudulent representation of his title, at the Sheriff’s sale: otherwise, according to the Judge’s instructions, they must have found $605 instead of $162. Taking the fraud, therefore, as established by the finding of the jury, it is necsssary to enquire what effect it could have, in law, on the sale. As between the Sheriff, representing the creditors, and the purchaser, there is no doubt that the false representations of the defendant in execution can have no effect whatever. In such a case, the rule caveat emptor applies. This is the ruling of Towns v. Turner, 3d Hill, 178, and of Kilgore v. Peden & Johnson, 1st Strob. 18. But here the defendant in execution claims the benefit of the sale, and thereby expects to reap the reward of his own fraud. Such cannot be the operation of the law. The contract, as now attempted to be set up, is to be regarded as made by the Sheriff, as his agent. His claim is, that by the neglect of that agent, in not entering it in his books, (as was his legal duty,) he has been deprived of the advantage of it. It is true, if the Sheriff had entered it in his books, he could have enforced it for the creditors-: but they are not injured, or complaining. The defendant in execution alone asks to have it enforced. If it were spread on the Sheriff’s books in the most formal manner, the fraud now proved would vitiate the. sale. The case of Minter v. Dent, 3d Rich. 205, is a full and clear authority for that point. For it ruled that a defendant in execution, suing for the price of a slave sold at Sheriff’s sale, might be defeated by a material false representation, made by him at such sale. That is exactly the case before us, with the exception that this suit is brought to recover the price of a tract of land sold, and tha-t of a slave. The difference in the subject matter can make no difference in the rule. The misrepresentation of the title here, was such as went to destroy the value of the purchase. To nearly two-thirds of the land in value, lying east of the creek, the plaintiff here had no other title than a share of one-fifth. This was enough to justify any purchaser from another dealing with him, not as an agent of the law, in refusing to complete the purchase. The motion for a new trial is granted.
Richardson, J. Evans, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion granted.